SUTLIFF, C.J., and PECK, BRINKERHOFF and SCOTT, JJ., concurred.

---

SAMUEL W. BARTGES *v.* OWEN O'NEIL AND BRIDGET O'NEIL, HIS WIFE.

The plaintiffs below, husband and wife, filed their petition, averring that the defendant had, by misrepresentation and deceit, induced the husband to purchase, and pay to the defendant $1300 for a tract of land worth only $100, and that the land was conveyed by the defendant to the wife. The plaintiffs claimed to have sustained $1200 damages, and asked judgment against the defendant therefor. The defendant demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Held:

1. The petition filed by husband and wife, showing no cause of action belonging to them jointly, the defect might be taken advantage of by demurrer, and the overruling the demurrer was error.

2. Judgment having been rendered against the defendant in favor of both the plaintiffs, and it not appearing from the record that the defendant might not

have been prejudiced by the overruling of the demurrer, he is entitled to
have the judgment reversed.

ERROR to the district court of Summit county.

The defendants in error, Owen O'Neil and Bridget, his
wife, filed a petition in the court of common pleas of Summit
county, stating that, in 1850, they purchased of Samuel W.
Bartges, the plaintiff in error, the N. W. qr. of sec. 21, tp. 45,
range 5, in Henry county, Illinois, containing one hundred
and sixty acres of land; and that they agreed to pay and
did pay him $1300 therefor, by the deduction of that sum
from the purchase price of certain lands sold to him, Bartges,
by said Owen O'Neil, situate in said county of Summit; and
that Bartges conveyed the quarter section of land so pur-
chased of him to the said Bridget O'Neil, the wife of said
Owen; and that, at the time of the purchase, neither of the
plaintiffs had seen the land, nor had they any knowledge in
relation to it, as the defendant well knew; and that the
defendant, for the purpose of cheating and defrauding them,
and obtaining from them an exorbitant price therefor, repre-
sented to them that the land was well worth $1300; that it
was of superior quality; and that the timber thereon was in
great abundance and of superior quality; that the land was
situated near a "flourishing railroad," and was well adapted
for cultivation; and that he, Bartges, had paid the sum of
$1200 for the land; and that all these representations made
by Bartges were wholly untrue, and by him known to be
untrue at the time; and that he, in fact, only paid the sum
of $280 for the land; and that the plaintiffs, fully relying
upon the truth of said representations, were thereby induced
to buy said land, as stated, which they would not otherwise
have done; and that they have sustained damage thereby in
the sum of $1200, for which they ask judgment.

To the petition, the defendant, Bartges, demurred, on the
ground that it does not state facts sufficient to constitute a
cause of action

The demurrer was overruled by the court, and the defend-
ant excepted, and thereupon on leave filed his answer, deny-

ing all the material allegations in the petition, and averring that he conveyed the land in exchange for other lands conveyed to him by the said Owen O'Neil, and that he "believes said land was and is valuable and well worth in exchange of lands, a nominal price proportioned to the nominal price placed upon the land sold by said owen" to him, the defendant.

The case was tried and a verdict and judgment rendered against the defendant, in the common pleas, and he appealed to the district court wherein the case was tried to a jury.

From a bill of exceptions taken on the trial in the district court, it appears that the plaintiffs offered evidence tending to prove the allegations of the petition, and that the defendant offered evidence tending to prove the allegations of his answer; but that there was no evidence tending to show that the defendant ever made any representations to the said Bridget O'Neil, or that she at all participated in the contract or agreement by which said lands were purchased by said Owen; nor that any part of the consideration paid for said quarter section of land was furnished by said Bridget; nor that any of the representations made by the defendant were ever communicated to her; and that the deed was first made and offered to said Owen, and that at his request, the name Owen was erased, and that of Bridget, his wife, inserted as the grantee in the deed.

Thereupon the defendant moved to dismiss the plaintiff's petition as to the said Bridget, but the court overruled the motion; and the defendant excepted.

The verdict was for the plaintiffs, in the sum of $1200; and the defendant filed a motion for a new trial on the grounds:

1st. That the verdict was against the weight of the evidence and the law.

2d. That the court erred in overruling the motion of the defendant to dismiss the action as to Bridget O'Neil, and also in not dismissing the action.

The district court overruled this motion for a new trial and entered judgment on the verdict, and the defendant excepted;

and to reverse that judgment, filed a petition in error in this court, assigning for error:

1st. That the petition of the plaintiffs below does not state facts sufficient to constitute a cause of action.

2d. That the court of common pleas erred in overruling the demurrer to said petition.

3d. That the district court erred in overruling the motion of Bartges to dismiss the action as to Bridget O'Neil.

4th. That the district court erred in overruling the motion for a new trial, and in entering judgment upon the verdict.

*Wolcott & Upson*, for plaintiff in error.

*Goodhue & McClure*, for defendants in error.

SUTLIFF, C.J.—No argument or brief has been furnished on the part of the plaintiff in error, and we therefore have only to look to the record and the assignment of errors, to determine therefrom whether or not error has intervened.

The assignment in this court, in a petition in error to the district court, that the court of common pleas erred in overruling the demurrer to the petition of the plaintiffs, or in any other respect as a cause for reversing the judgment of the district court, the case having been appealed to that court from the common pleas, is wholly irrelevant.

If counsel desired to present the question so made in the common pleas to this court, he should have forborn an appeal, and relied upon a petition in error to the common pleas; or, after appeal, he should have taken leave in the district court to withdraw the answer and refile his demurrer, so as to present the question thereby raised after appeal.

But while the district court is clearly not chargeable with the action of the common pleas in overruling the demurrer, it seems to have given a like judgment, or to the same effect, in overruling the motion for a new trial, thereby holding that proof of the averments made in the petition authorized and sustained the verdict. The district court, therefore, in overruling the motion for a new trial, held the averments in the

petition sufficient, as did the common pleas, in overruling the demurrer. The proof, as shown by the bill of exceptions, corresponded with the averments in the petition. A motion for a new trial, for the cause that the verdict was not sus- tained by the evidence and was against the law, therefore, presented the same question to the district court by this mo- tion, which had been presented to the court of common pleas by the demurrer, to-wit: whether the facts stated in the pe- tition constitute a cause of action? That, therefore, is the first question raised by the record.

The objection to the petition is not that there is a defect of parties plaintiff, but a misjoinder appearing in the pe- tition.

At common law, if the wife improperly join in the action with her husband, who ought to sue alone, the defendant might, for that cause, demur to the declaration, or the same might be taken advantage of after verdict, as a good cause for arrest of judgment; or if judgment in such a case should be entered, if the objection appeared upon the record, the same would constitute good cause for a reversal of the judg- ment, on a writ of error.

The general rule, in relation to the commencement of an action, is that the action must be brought in the name of the party whose legal right has been affected. And unless this rule be regarded, inasmuch as a party is only entitled to re- cover according to his allegations and proof, that is, accord- ing to the cause of action for which he sues, and upon proof thereof, no recovery can be legally had, unless the action be brought by the person whose legal right has been so affected. Hence it is material in every statement of a cause of action, to set forth such facts as show, among other things, that the legal right of the plaintiff, or plaintiffs, has been affected. For, it being incumbent upon the party asking redress, to state and prove a wrong, or an infringement of his right, to be redressed, no judgment can be due, except upon such cause stated and approved.

But while, at common law, the misjoinder of the wife, or any other party, as plaintiff, with the party or parties whose

legal right only had been affected, would have been good cause for demurrer, it is not one of the enumerated causes for demurrer under the provisions of the code.

From what has been said in relation to stating and proving such facts, as show that the legal right of a party has been affected, to authorize a judgment in his favor, it is evident that a misjoinder of plaintiffs would, under the code, be within the sixth enumerated cause for demurrer. The very evidence of the misjoinder, would be that the petition did not state facts sufficient to constitute any cause of action in favor of the person so improperly made a co-plaintiff with the person or persons to whom the right of action in the case belonged, as shown by the petition. For it is obvious, that inasmuch as the action is commenced in the names of the two, the judgment must be rendered in favor of both or neither. The petition in such case asks a judgment in favor of both plaintiffs upon a joint cause of action in their favor. If, therefore, the petition fails to state facts sufficient to constitute such joint cause of action, it necessarily fails to state facts sufficient to constitute any cause of action as to the plaintiffs.

How, then, stood the case? Does the petition state facts sufficient to constitute a cause of action in favor of Owen O'Neil and Bridget O'Neil against Samuel W. Bartges? What is the particular cause of action stated in the petition, and relied upon by the plaintiffs, as constituting the right of recovery in the case?

The petition, it is true, states the purchase of the Illinois lands to have been made by the plaintiffs; and the representations as to the situation, quality and value of the lands are stated to have been made by Bartges to them, the plaintiffs; yet, when taken all together, it appears from the petition that the purchase of the lands was made by Owen O'Neil, and that he paid the entire consideration; and that Bridget O'Neil was in no way interested, except to receive a conveyance of the title of the land so purchased by Owen. But the action is brought to recover for a cheat practiced by the defendant; and if the alleged cheat was proved, the party cheated would be legally entitled to recover the damages

thereby sustained. Now, in such a case, it is not sufficient to state facts showing the misrepresentations and deceit on the part of the defendant, but there must be the additional facts stated to show that the plaintiffs were thereby damnified. If the conveyance was a gift, on the part of the defendant, however false and fraudulent the representations made in relation to it by him, the plaintiffs would, obviously, have sustained no damage, and therefore could not be entitled to recover. As to one of the plaintiffs, Bridget O'Neil, this is the case made in the petition; for while it is charged that the false representations were made to both of the plaintiffs, it is not only not averred that they were thereby induced to pay anything for the lands; but it is expressly stated the entire consideration of said conveyance was received from said Owen alone—that they agreed to pay, and did pay him, $1300 therefor, by deducting that sum from the purchase price of lands sold Bartges by said Owen O'Neil. It was, then, shown by the petition, not that the plaintiffs had been, by the misrepresentations and fraud of the defendant, induced to pay, and so deprived of $1300, or any other sum; but only that Owen O'Neil had been so induced to pay, and wrongfully deprived of that sum of money. The petition, therefore, fails to state facts sufficient to constitute a joint cause of action, or a cause of action in favor of the plaintiffs.

The district court erred, therefore, in overruling the defendant's motion for a new trial, as the common pleas did in overruling his demurrer to the petition. For it necessarily follows, that inasmuch as the evidence was the same as the averments, and the averments were insufficient, the evidence was likewise insufficient to sustain the verdict, and authorize a judgment for the plaintiffs.

But it is insisted by counsel of defendants in error, that the plaintiff in error has not in fact been prejudiced by the fact that the judgment was rendered in favor of both, instead of but one of the plaintiffs, and that, therefore, the judgment should not be reversed. But in a case like the present, where error has clearly intervened in the record, a

reversal of the judgment is due to the party against whom it was rendered, unless it appears clearly that he has not been prejudiced thereby. In this case it can only be affirmed that possibly the plaintiff in error was not injured by such misjoinder, and errors so appearing upon the record. It can not be affirmed that the plaintiff in error was evidently not injured thereby. Nor could this be so affirmed, unless it appeared from the record that the plaintiff in error had no defense, set-off, or counterclaim, which he could have opposed in the action, if brought by one of the plaintiffs below, which he might not have equally availed himself of, in the action brought by both.

It is sufficient, therefore, to say, without remarking more at length upon the other assignments, that for the errors mentioned, the judgment of the district court must be reversed, and the cause remanded to that court, for further proceedings.

Judgment accordingly.

PECK, GHOLSON and BRINKERHOFF, JJ., concurred. SCOTT, J., dissented.