Williams, C. J.
1. Did the circuit court err in dissmising the appeal?
Under our present legislation, “an appeal may he taken to the circuit court, by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist,” Revised Statutes, section 5226. And the actions in which the right exists to demand a jury, are limited to those “for the recovery of money only, or specific real or personal property.” Section 5130. It is obvious that it is the nature of the action which determines the right of appeal, and not the form of the judgment rendered; so that, if the action be not one in which there is a right to (demand a jury trial, an appeal may be taken from the judgment, though the payment of money be the only relief awarded. It is accordingly provided by section 5230, that, ‘when the judgment is personal against the party for the payment of .money only the penalty of the appeal bond shall be double the amount of the judgment;” and, by section 5231, that the bond shall be conditioned ‘ ‘to the effect that the party appealing shall abide and perform the order and judgment of the appellate court, and shall pay all moneys, costs and damages which may be required or awarded against him by such court.”
The nature of the action must be ascertained from the allegations of the pleadings, and the character of the relief appropriate under them. (
*238 The action brought by the plaintiffs below was one for the specific performance of a contract, by the terms of which the defendants jointly bound themselves, for an entire consideration agreed upon, to convey to the plaintiffs certain designated lands, and pay a specified sum of money. It may be conceded that if, before the bringing of the suit, the stipulations of the contract with respect to the. conveyance of the lands had been performed, and no obligation of the defendants remained unfulfilled except that relating to the payment of the money, an action for its recovery would not be one in which an appeal could be taken. But, in the action brought, the payment of the money was sought to be enforced in connection with, and as a part of the contract for, the conveyance of the land. The plaintiffs were not required, nor permitted, to divide their action into as many separate ones as there were stipulations in the contract which the defendants were bound to perform, nor, in the same action plead each stipulation as a distinct cause of action. The petition properly states the facts as constituting one cause of action, which is for the specific enforcement of all the provisions of the contract which the defendants had bound themselves to perform. The principal issue in the case, and apparently the only one considered of practical importance on the trial, was whether the plaintiffs had so performed their part of the contract as to entitle them to demand performance by the defendants; and the trial of that issue involved the plaintiff’s right to the conveyance of the land, as well.as to the payment of the money. In this condition the case stood for trial. If the issue had been found against the plaintiffs, thus wholly defeating their action, their right of *239 appeal, we apprehend, could scarcely be doubted; nor could that of the defendants had judgment been recovered against all of them for the conveyance of the land only; nor, do we think their right of appeal could be denied if the judgment rendered ag'ainst them had required both the conveyance of the land and the payment of the money according to the terms of the contract.
That suits for the specific performance of contracts for the sale of real property belonged to the exclusive jurisdiction of courts of chancery before the civil code, was well established, and their character was not changed by its adoption. They are still recognized as equitable actions properly triable to the court, and not of right to a jury. When a vendor’s title proves defective, or his estate is not all he agreed to convey, or is subject to an incumbrance, or outstanding interest in a third person, it has been regarded as the right of the vendee, if he so elect, to have specific performance so far as the vendor is able to perform, and compensation for any deficiency in the estate he agreed to convey, or difference between that and the estate which he is able to convey; and it was the practice of courts of chancery, in administering the remedy of specific performance, to award such compensation in proper cases. The remedy went further, and when necessary to the attainment of complete justice the court awarded either party such damages as he might be entitled to in the action, without compelling him to resort to another forum for their recovery, upon the principle that when a court acquires jurisdiction of a cause, it will exercise it to the extent of administering that full relief which the case appears to demand.
*240 A civil action to enforce the specific performance of a contract by which the defendants have bound themselves for both the conveyance of real property and the payment of a sum of money, must be classed with those which were formerly within the exclusive jurisdiction of equity. If such a suit could be said to loose its equitable character by reason of the relief sought in the enforcement of the stipulation for the payment of the money, it would have become necessary for the plaintiff, before the code, either to forego his remedy for the performance of the stipulation to convey the .land or that for the payment of the money, or split his cause of action on the contract and pursue a separate remedy upon each stipulation, and in different tribunals. A party was not required to do either. An action brought to enforce the performance of such a contract cannot now be properly regarded as one for the recovery of specific property, or money only, within the purview of section 5130 of the Revised Statutes; and, though in such action brought against several defendants judgment be recovered against some of them for the conveyance of the land, and against others for the' money, either has the right of appeal from the judgment, because the mode of trial to which, the parties are entitled can be ascertained only from the nature of the case as shown by pleadings when it is called for trial, and upon that mode of trial depends the right of appeal, and not upon the judgment recovered as a result of the trial; so that, in our opinion,the plaintiffs in error were entitled to their appeal taken from the judgment rendered against them, and its dismissal was error.
2. The appeal having been improperly dismissed, and it being necessary to remand the ease to the *241 circuit court for a trial of the issues of fact, the question arises, what is the proper disposition of the case brought here to reverse the judgment of the circuit court affirming that of the common pleas.
We are not aware of any statutory provision, or rule of law which prevents a party who has taken an appeal from a judgment, from also prosecuting error to obtain its reversal. When doubtful of his appeal, that may be a prudent and commendable practice; otherwise, if his right of appeal should not be determined until after the expiration of the time allowed for prosecuting error, and then be determined adversely to him, thus leaving the judgment in force, his remedy on error would be lost. But if the appeal be sustained, the proceeding in error avails nothing, for the cause then stands for a retrial of the issues in the appellate court, the judgment appealed from is superseded by that of the appellate court, and the errors occurring on the trial below, if any were committed, become immaterial. If a party wishes to bring the questions raised on that trial under review by this court, he must make them on the trial in the appellate court, and prosecute error to its judgment; if not so made, so far as this court could be informed by the record, that court may have determined all questions raised in his favor. The appeal has the same effect in that respect as a new trial granted by the trial court. Bartges v. O'Neil, 13 Ohio St., 72, 75. The party having the benefit of a new trial where the errors of the former one may be corrected or cured, they cease to be prejudicial or important. The judgment rendered on the appeal becomes the final judgment fixing the rights of the parties, and that appealed from is no longer *242 operative; and its affirmance on error, before trial had on the appeal, can give it no effect that it did not have without such affirmance. In the view thus taken of the case it is deemed unnecessary to consider the errors assigned.
The judgment of the circuit court dismissing the a/ppeal is reversed, and the cause remanded to that court for further proceedings. The petition in error in the other case is dismissed.
Burket J., having been of counsel, did not sit in the cases.