## MISREPRESENTATIONS AS TO CHARACTER OF CORPORATE STOCK.

Circuit Court of Cuyahoga County.

HARRY S. HILL AND OLIVER J. HILL v. PULASKI B. ROPER.

Decided, December 1, 1905.

*Fraud—Parties—False Representations that Worthless Stock Sold Plaintiff is Treasury Stock not Actionable—Where Transaction is Joint Plaintiffs are Properly Joined.*

1. Where a fair construction of the language of a petition shows that what plaintiffs did in the transaction complained of was done by them jointly, there is no misjoinder of parties plaintiff.

2. No action for damages for inducing plaintiff to purchase worthless stock through false and fraudulent representations can be main-

tained, where the only false representation was that the stock in question was treasury stock when as a matter of fact it was defendant's own personal stock.

W. H. *Miller*, for plaintiff in error.

*Johnson & Dunlap*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiffs here were the plaintiffs below. The defendant here was the defendant below.

Plaintiffs filed their amended petition, and to this a general demurrer was interposed, on the ground that there was a misjoinder of parties, and also on the ground that the facts stated constituted no right of action in the plaintiffs against the defendant.

As to the misjoinder of parties, it is said as to the allegations of the petition that the plaintiffs had certain transactions with the defendant; that they purchased certain stock of him and paid money therefor; that they were defrauded in the transaction and thereby suffered damage. The claim is that it does not appear that they *joined* in the transaction; that they *jointly* paid their money and were jointly defrauded. The language of the petition begins in these words:

"The plaintiffs for their cause of action say: that on or about the 10th day of June, 1903, the defendant sold to these plaintiffs ten shares of the capital stock of the Krastin Automobile Manufacturing Company at the rate of fifty dollars a share. That the said ten shares were a part of said stock owned and held by the defendant."

And then follows averments that misrepresentations were made and that they were induced to part with their money, to their loss. We think a fair construction of the language of the petition shows that what the plaintiffs did in the matter they did together; that the transaction was joint as between them. We quoted from the petition,

"the defendant sold to these plaintiffs ten shares of the capital stock, etc., and again, "said defendant delivered the said certificate to plaintiffs, who paid therefor the sum of $500," etc.

So far as said demurrer was based on misjoinder of parties, it was not well taken. The cases to which our attention is called by brief of defendant in error are *Bartgers* v. *O'Neil*, 13 O. S., 72. In that case suit was brought by O'Neil and wife to recover jointly for a wrong which by the allegations of the petition was affirmed and shown to have been perpetrated upon Mr. O'Neil alone. The court say as to this that a general demurrer to this petition should have been sustained because the facts alleged show no cause in the plaintiffs jointly.

The material difference between that case and the case at bar is that by the allegations of the petition it affirmatively appears that but one of plaintiffs was injured.

In *Masters* v. *Freeman*, 17 O. S., 323, it is simply held that, where it appears upon the fact of the petition filed by two or more jointly, that whatever claim exists in favor of plaintiffs it is several as to each. Demurrer to the joint petition will be sustained.

This brings us to a consideration of the question of whether the general demurrer should have been sustained. It was sustained in the court below, and the plaintiffs not wishing to plead further, judgment was thereupon entered for the defendant, to recover for which this proceeding is prosecuted. If plaintiffs are entitled to recover it is because defendant represented to them that something material was true which was not true, by reason of which they were induced to part with their money.

The petition says that the corporation whose stock they purchased was in need of money to finish four automobiles. There is no denial of this. It is further alleged that the company was solvent. This is not denied. It is averred that the stock was of no value and that three months or more after this transaction the company went into the hands of a receiver. A corporation may be solvent, that is, able to pay its debts, and have nothing over, so that its stock would be of no value. The petition avers that the defendant represented that the stock which he proposed to sell was treasury stock. This is denied, and the averment is made that the sale of stock was made from his personal ownings or holdings of stock in the corporation. There is nothing in this which would necessarily prejudice the plaint-

iffs.   If the stock was of no value and is of no value, then it is immaterial whether it was treasury stock or stock owned by this man alone who was making the sale.   If the stock is of no value it will be equally of no value whether it was treasury stock or stock owned by some member of the corporation.

There are no other averments in the petition which indicates that the plaintiffs were defrauded except those to which attention has been called.   They aver that they were induced to part with $500 for stock of no value.   There is no averment in the petition that it was represented to be of value.   It was represented that the corporation was solvent and the stock treasury stock.   If the other allegations of the petition are true, there was no error in sustaining the demurrer and entering judgment for the defendants.

The judgment is affirmed.